# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HUVEPHARMA EOOD and HUVEPHARMA, INC., <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> E. I. DU PONT DE NEMOURS AND COMPANY, DUPONT INDUSTRIAL BIOSCIENCES USA, LLC, DANISCO USA, INC. and DANISCO US, INC. <br><br> Defendants/Counterclaim Plaintiffs. | C.A. No. 18-914-RGA |

**OPENING BRIEF IN SUPPORT OF DEFENDANTS' EXPEDITED
MOTION TO STAY PENDING *INTER PARTES* REVIEW**

OF COUNSEL:

Robert R. Baron, Jr., Esquire
Marc S. Segal, Esquire
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500
baron@ballardspahr.com
segalm@ballardspahr.com

Alan White, Esquire
999 Peachtree Street, Suite 1000
Atlanta, GA 30309
(678) 420-9300
whiteda@ballardspahr.com

BALLARD SPAHR LLP

*/s/ Beth Moskow-Schnoll*
Beth Moskow-Schnoll (Del. No. 2900)
Brittany M. Giusini (Del. No. 6034)
Brian S.S. Auerbach (Del. No. 6532)
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
moskowb@ballardspahr.com
giusinib@ballardspahr.com
auerbachb@ballardspahr.com

*Attorneys for Defendants*

August 13, 2019

# **TABLE OF CONTENTS**

I. NATURE AND STAGE OF PROCEEDINGS ................................................................ 2

II. SUMMARY OF ARGUMENT ....................................................................................... 2

III. STATEMENT OF FACTS .............................................................................................. 3

IV. ARGUMENT ................................................................................................................... 6

    A. This Court Has Broad Discretion to Grant the Requested Stay .............................. 6

    B. This Court Should Exercise Its Discretion to Grant the Requested Stay ................ 6

        1. The IPRs Will Simplify This Case and Streamline Any Remaining Issues for Trial ................................................................................................ 6

        2. This Action is Still in Its Early Stages ......................................................... 9

        3. The Requested Stay Will Not Unduly Prejudice Plaintiff ........................ 10

            a. The Filing of the IPR Petitions Months Before the Deadline Weighs in Favor of a Stay ................................................................ 11

            b. The Early Timing of DuPont's Motion Weighs in Favor of a Stay ......................................................................................... 12

            c. The Status of the IPR Proceedings Favors a Stay .......................... 13

            d. The Relationship of the Parties Does Not Weigh Against a Stay ................................................................................................ 13

V. CONCLUSION .............................................................................................................. 14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*454 Life Sciences Corp. v. Ion Torrent Sys.*,
   No. 15-595-LPS, 2016 U.S. Dist. LEXIS 153978 (D. Del. Nov. 7, 2016)................6, 9, 11, 12

*ACQIS, LLC v. EMC Corp.*,
   109 F. Supp. 3d 352 (D. Mass. 2015) ...........................................................................10, 12

*AgroFresh Inc. v. Essentiv LLC*,
   No. 16-662 (MN), 2019 U.S. Dist. LEXIS 91035 (D. Del. May 31, 2019) ..............................8

*Audio MPEG, Inc. v. Hewlett-Packard Com.*,
   No. 15-73, 2015 U.S. Dist. LEXIS 126014 (E.D. Va. Sep. 15, 2015)....................................14

*Bio-Rad Laboratories, Inc. v. Thermo Fisher Scientific, Inc.*,
   No. 16-358-RGA, D.I. 54, at 36 (D. Del. April 27, 2017) (Ex. F) ..............................10, 13, 14

*BodyMedia, Inc. v. Basis Sci., Inc.*,
   No. 12-cv-133-GMS, 2013 U.S. Dist. LEXIS 82830 (D. Del. June 6, 2013) .........................10

*CallWave Commc'ns, LLC v. AT&T Mobility, LLC*,
   No. 12-cv-01701-RGA, 2015 U.S. Dist. LEXIS 33153 (D. Del. Mar. 18,
   2015) ................................................................................................................6, 8, 11

*Destination Maternity Corp. v. Target Corp.*,
   12 F. Supp. 3d 762 (E.D. Pa. 2014) ......................................................................................9

*Ethicon LLC v. Intuitive Surgical, Inc.*,
   No. 17-871-LPS, 2019 U.S. Dist. LEXIS 45452 (D. Del. Mar. 20, 2019) ..........................6, 11

*Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*,
   No. 13-4513-RMW, 2014 U.S. Dist. LEXIS 26382 (N.D. Cal. Feb. 28, 2014).......................8

*Gonnocci v. Three M Tool & Mach., Inc.*,
   No. 02-74796, 2003 U.S. Dist. LEXIS 24423 (E.D. Mich. Oct. 7, 2003) ................................9

*Huvepharma EOOD, et al. v. Associated British Foods, PLC*,
   Civil Action No. 18-00129-RGA.............................................................................1, 4, 5, 12

*Neste Oil Oyj v. Dynamic Fuels, LLC*,
   No. 12-1744-GMS, 2013 U.S. Dist. LEXIS 92416 (D. Del. July 2, 2013) ..............................7

*Parallel Networks LLC v. KOG Games Inc.*,
   No. 13-178-RGA, D.I. 39 (D. Del. Feb. 10, 2014) (Ex. G).............................................11, 14

*Procter & Gamble Co. v. Kraft Foods Global, Inc.*,
   549 F.3d 842 (Fed. Cir. 2008)..................................................................................................6

*Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*,
   No. 12-21-JST, 2012 U.S. Dist. LEXIS 186322 (C.D. Cal. Dec. 19, 2012) ........................8, 11

*Sirona Dental Sys. GmbH v. Dental Wings Inc.*,
   No. 14-460-LPS-CJB, 2016 U.S. Dist. LEXIS 155706 (D. Del. March 22,
   2016) ........................................................................................................................................7

*SoftView LLC v. Apple Inc.*,
   No. 12-989-LPS, No. 10-389-LPS, 2013 U.S. Dist. LEXIS 125900 (D. Del.
   Sept. 4, 2013) ..........................................................................................................7, 8, 9, 11

*Uniloc United States v. Avaya Inc.*,
   No. 15-01168-JRG, 2017 U.S. Dist. LEXIS 168855 (E.D. Tex. Apr. 19, 2017) ......................9

*VirtualAgility Inc. v. Salesforce.com*,
   759 F.3d 1307 (Fed. Cir. 2014)................................................................................................9

**Statutes**

35 U.S.C. § 315(b) ........................................................................................................................11

35 U.S.C. § 315(e) ................................................................................................................2, 7, 8

**Other Authorities**

37 C.F.R. § 42.100(c).....................................................................................................................4

H.R. Rep. No. 112-98, pt. 1 (2011)...............................................................................................10

Defendants E. I. du Pont de Nemours and Company, DuPont Industrial Biosciences USA, LLC, Danisco USA, Inc., and Danisco US, Inc. (collectively, "DuPont") respectfully move to stay this case pending resolution of *inter partes* review ("IPR") proceedings instituted on July 25, 2019, in which the United States Patent and Trademark Office's Patent Trial and Appeals Board ("PTAB") will promptly determine whether all of the asserted claims of the three patents-in-suit are invalid well before the February 8, 2021 trial date set forth in the Scheduling Order (D.I. 26).

By order dated August 12, 2019, this Court granted a stay in a related case, *Huvepharma EOOD, et al. v. Associated British Foods, PLC*, Civil Action No. 18-00129-RGA (the "ABF case"), pending the final outcome of the *inter partes* review of U.S. Patent Nos. 7,026,150 ("the '150 patent"), 7,312,063 ("the '063 patent"), and 8,455,232 ("the '232 patent") (collectively, the "patents-in-suit"). Although those same three patents are at issue in this case, and for that reason among others, there is substantial legal and factual overlap in both cases, Plaintiffs Huvepharma EOOD and Huvepharma, Inc. (collectively, "Huvepharma") will not agree to a stay of this case. Therefore, Defendants E. I. du Pont de Nemours and Company, DuPont Industrial Biosciences USA, LLC, Danisco USA, Inc., and Danisco US, Inc. (collectively, "DuPont") respectfully request that the Court stay this case in the interests of consistency and efficiency.

DuPont also requests that the Court consider this motion on an expedited basis, and proposes that Huvepharma's answering brief be due on Friday, August 16, 2019, DuPont's reply be due on Tuesday, August 20, 2019, and any hearing on the motion be at the Court's discretion and convenience. Pending the Court's ruling on this motion, DuPont also requests a temporary stay of interim deadlines, including, but not limited to substantial completion of document discovery, due on August 30, 2019.

1

## I. NATURE AND STAGE OF PROCEEDINGS

This is a patent infringement action in which Plaintiffs Huvepharma EOOD and Huvepharma, Inc. (collectively, "Huvepharma") accuse DuPont of infringing U.S. Patent Nos. 7,026,150 ("the '150 patent"), 7,312,063 ("the '063 patent"), and 8,455,232 ("the '232 patent") (collectively, "patents-in-suit").[1] Huvepharma filed its initial complaint on June 20, 2018 (D.I. 1), and an amended complaint on October 10, 2018 (D.I. 23). DuPont filed its answer and counterclaims to the amended complaint on November 9, 2018 (D.I. 29). The Court has set trial for February 8, 2021. (D.I. 26).

## II. SUMMARY OF ARGUMENT

The Court should exercise its discretion to grant a stay pending the IPRs because: (1) a stay is highly likely to simplify, if not entirely eliminate, the issues for trial; (2) the case is in an early stage; and (3) Huvepharma will suffer no undue prejudice.

First, granting the stay will simplify issues for trial because the PTAB has instituted IPRs on each of the patents-in-suit and on all asserted claims. Thus, the IPRs could completely dispose of the case. Moreover, if the Court grants DuPont's requested stay pending the IPRs, DuPont will agree to be subject to the estoppel provisions under 35 U.S.C. § 315(e) to the same extent as the petitioner in the IPRs. Thus, even in the unlikely event all the asserted claims survive the IPRs, the case would be simplified because the Court would not need to address invalidity theories that the petitioner "raised or reasonably could have raised during . . . *inter partes* review." 35 U.S.C. § 315(e).

---

[1] The patents-in-suit are owned by the Cornell Research Foundation, Inc. and are exclusively licensed to Huvepharma.

2

Second, this case is still in the early stages. Trial is scheduled for February 8, 2021, eighteen months from now. While the parties have completed their initial patent disclosures and claim construction, there remains a significant amount of labor intensive and expensive work ahead, such as fact depositions, expert reports and discovery, summary judgment motions, and pre-trial preparation. A stay would preserve the Court's and the parties' resources while the PTAB determines whether the asserted patent claims are invalid.

Finally, a stay would not unduly prejudice or disadvantage Huvepharma. Huvepharma's potential recovery is limited to damages, as the patents-in-suit expired over a year ago. Thus, this is not a case where Huvepharma could be irreparably harmed by delay (*e.g.*, through loss of market share), because Huvepharma can be adequately compensated with pre-judgment interest to make up for any delay caused while the PTAB determines whether the asserted patents are invalid. Moreover, having waited years to assert the patents-in-suit, Huvepharma should not complain that it would be unduly prejudiced by such a stay. The patents-in-suit issued as early as April 11, 2006, and the accused products have been on the market since 2003. But while Huvepharma has been the exclusive licensee of the patents-in-suit since June of 2013, Huvepharma did not file suit until June 20, 2018, just days before the patents-in-suit expired. To the extent its potential recovery of money damages is delayed, Huvepharma has only itself to blame.

For all these reasons, DuPont respectfully requests that the Court stay this litigation pending the resolution of the IPR proceedings.

### III.   STATEMENT OF FACTS

In June 2013, Huvepharma became the exclusive licensee of the patents-in-suit. (D.I. 23 at ¶ 48). Yet, Huvepharma waited until June 20, 2018— just five days before the patents-in-suit expired—to file this action. (D.I. 1). The action was filed over twelve years after the '150 patent

issued,[2] and over fifteen years after the accused Phyzyme XP products launched in the United States. Huvepharma's Amended Complaint only seeks damages. (D.I. 23).

On January 23, 2019, Associated British Foods PLC, AB Vista, Inc., PGP International, Inc., Abitec Corporation, AB Enzymes, Inc., and AB Enzymes GMBH (collectively, "ABF") filed petitions for *Inter Parties* Review of the patents-in-suit, IPR2019-00578, IPR2019-00580, and IPR2019-00581.[3] On July 25, 2019, the PTAB instituted IPRs on *all* asserted claims of the patents-in-suit. (Exs. A, B, and C). The PTAB concluded that "Petitioners have demonstrated a reasonable likelihood that at least one" of the asserted claims of each of the patents-in-suit is unpatentable. (*Id*.). The claims at issue in the IPRs include every patent claim Huvepharma is asserting in this action.

On the same day that it issued institution decisions, the PTAB issued a Scheduling Order for the IPRs. (Ex. D). Under this Scheduling Order, the oral argument in the IPRs is set for April 23, 2020. (Ex. D at 10). The PTAB's final written decision will be issued on or before July 25, 2020, over six months before the scheduled trial in this litigation. *See* 37 C.F.R. § 42.100(c) ("An *inter partes* review proceeding shall be administered such that pendency before the Board after institution is normally no more than one year.")

DuPont contacted Huvepharma on August 2nd—just days after the PTAB instituted the IPRs—to discuss whether Huvepharma would oppose a stay and to schedule a meet and confer. The parties held the meet and confer on August 6th, at which time Huvepharma indicated it

---

[2] The '150 patent issued on April 11, 2006, '063 patent issued on December 25, 2007, and the '232 patent issued on June 4, 2013. (D.I. 23 ¶¶ 107, 115, 123).

[3] Huvepharma has also asserted the '150, '063, and '232 patents against ABF in a case also pending before this Court, Civil Action No. 18-00129-RGA (the "ABF case"). In the ABF case, the Court today granted ABF's request for a stay of its case pending resolution of the same IPRs at issue here, and IPRs instituted against two additional patents, U.S. Patent Nos. 6,451,572 and 8,993,300. (*Id.*, D.I. 96).

would likely oppose DuPont's motion. At 7:30 p.m. on August 7th, the day ABF filed its motion to stay, Huvepharma definitively informed DuPont it would oppose a stay. On August 9th, and again on August 12th and 13th, DuPont sought to obtain Huvepharma's cooperation in contacting the Court to discuss whether the Court wished to handle the motion in an expedited fashion, as it had done in the ABF case. Although Huvepharma indicated it would attend a call on August 13th, it failed to respond to emails attempting to schedule a time. Then, late that same day, Huvepharma called to say, in light of the Court's order granting ABF's motion to stay, it was reconsidering its position regarding DuPont's motion to stay. However, any reconsideration would come with conditions—conditions DuPont would not accept. Therefore, on August 13th, nineteen days after the IPRs were instituted, DuPont filed this motion to stay.

      To date, the parties have completed their initial patent disclosures, engaged in some written and document discovery, and completed claim construction, and the Court has issued an order construing the asserted claims on June 26, 2019. (D.I. 75). Neither party has taken any depositions or submitted any expert reports (outside of claim construction), and the parties likewise have not engaged in any expert discovery regarding invalidity or non-infringement. Under the Scheduling Order, document discovery must be substantially completed by August 30, 2019, but fact discovery is not scheduled to close until December 13, 2019, and expert discovery is not scheduled to close until June 19, 2020. (D.I. 26 at ¶¶ 3(c), 10(a)). Trial is not scheduled to begin until February 8, 2021 (*Id.* at ¶ 16), over six months after the PTAB is expected to issue its final written decisions in the IPRs.

## IV. ARGUMENT

### A. This Court Has Broad Discretion to Grant the Requested Stay

"The Supreme Court has long recognized that district courts have broad discretion to manage their dockets, including the power to grant a stay of proceedings," and the Federal Circuit has "consistently recognized the inherent power of the district courts to grant a stay pending reexamination of a patent." *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848-49 (Fed. Cir. 2008). This discretion to stay pending reexamination of a patent extends to stays pending IPR. *See, e.g., Ethicon LLC v. Intuitive Surgical, Inc.*, No. 17-871-LPS, 2019 U.S. Dist. LEXIS 45452, at *3 (D. Del. Mar. 20, 2019); *454 Life Scis. Corp. v. Ion Torrent Sys.*, No. 15-595-LPS, 2016 U.S. Dist. LEXIS 153978, at *6 (D. Del. Nov. 7, 2016).

### B. This Court Should Exercise Its Discretion to Grant the Requested Stay

In deciding a motion to stay pending an IPR, "the court considers: (1) whether granting the stay will simplify the issues for trial; (2) whether discovery is complete and a trial date is set; and (3) whether granting a stay would cause the non-moving party to suffer undue prejudice from any delay, or a clear tactical disadvantage." *CallWave Commc'ns, LLC v. AT&T Mobility, LLC*, No. 12-cv-01701-RGA, 2015 U.S. Dist. LEXIS 33153, at *4 (D. Del. Mar. 18, 2015) (granting stay in light of pending IPR proceedings); *454 Life Scis. Corp.*, 2016 U.S. Dist. LEXIS 153978, at *6-7. Here, all three factors support the requested stay.

#### 1. The IPRs Will Simplify This Case and Streamline Any Remaining Issues for Trial

The PTAB has instituted IPRs on all of the asserted patent claims, based on multiple grounds of invalidity. (Exs. A, B, and C). As such, staying the case while the PTAB determines whether the asserted patents are invalid is likely to result in significant simplification of issues

for trial, and could dispose of the case entirely. *Neste Oil Oyj v. Dynamic Fuels, LLC,* No. 12-1744-GMS, 2013 U.S. Dist. LEXIS 92416, at *12-16 (D. Del. July 2, 2013) (staying case and explaining that PTAB statistics and stricter standard for IPR review suggest that at least some claims are likely to be canceled).

The simplification benefits in this case are especially strong because every asserted patent claim in the litigation is also at issue in the recently-instituted IPR proceedings. As a result, the IPRs could completely dispose of the case. *See, e.g., Sirona Dental Sys. GmbH v. Dental Wings Inc.*, No. 14-460-LPS-CJB, 2016 U.S. Dist. LEXIS 155706, at *16 (D. Del. March 22, 2016) (granting stay pending IPR "because the PTAB has granted IPR review with respect to all of the claims" in suit and if found invalid "'litigation would be simplified because it would be concluded.'") (quoting *Softview LLC v. Apple Inc.*, No. 12-989-LPS, No. 10-389-LPS, 2013 U.S. Dist. LEXIS 125900, at *9 (D. Del. Sept. 4, 2013)). According to the USPTO itself, as of June 30, 2019, the PTAB's final written decisions result in cancellation of all instituted claims in 63% of cases, and 81% of its decisions result in at least one instituted claim being found unpatentable. (Ex. E at 10). And even if the IPRs do not entirely dispose of the case, any finding that an asserted claim is unpatentable would simplify the remaining issues for trial. Thus, any finding of unpatentability is likely to at least streamline, if not entirely eliminate, this case.

Even in the unlikely event all of the asserted claims survive the IPRs untouched (which happens in just 19% of all final written decisions (Ex. E at 10)), the issues in the case will still be simplified and streamlined for trial. If the Court grants DuPont's requested stay, DuPont will agree to be subject to the estoppel provisions under 35 U.S.C. § 315(e) to the same extent as the petitioner in the IPRs. Thus, the case would be simplified because the Court would not need to address invalidity theories that the petitioner "raised or reasonably could have raised during . . .

7

*inter partes* review." 35 U.S.C. § 315(e); *see also, e.g.*, *AgroFresh Inc. v. Essentiv LLC,* No. 16-662 (MN), 2019 U.S. Dist. LEXIS 91035, at *8 (D. Del. May 31, 2019) (granting stay because "the substantial likelihood of simplification of issues, combined with Defendants' general diligence and the lack of emergent, nonquantifiable, or noncompensable prejudice to Plaintiff, outweigh the fact that this case has now reached a fairly-advanced stage and will be ready for trial several months from now"); *CallWave Commc'ns*, 2015 U.S. Dist. LEXIS 33153, at *4-5 (granting stay in light of pending IPR proceedings, where moving parties—who were not parties to the pending IPRs—"stipulated that they will not assert as prior art any prior art combinations that are relied upon by the PTAB"); *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, No. 13-4513-RMW, 2014 U.S. Dist. LEXIS 26382, at *11-12 (N.D. Cal. Feb. 28, 2014) (finding estoppel simplifies the issues as long as movant, who would not be subject to the statutory estoppel provision, agrees to be bound by estoppel); *SoftView*, 2013 U.S. Dist. LEXIS 125900, at *9 (D. Del. Sep. 4, 2013) (granting stay as likely to simplify the issues because moving parties—who were not parties to the pending IPRs—agreed to be bound by same statutory estoppel that applied to parties to the IPRs); *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, No. 12-21-JST, 2012 U.S. Dist. LEXIS 186322, at *6-7 (C.D. Cal. Dec. 19, 2012) (finding simplification of the issues weighed more strongly in favor of granting a stay where non-petitioner defendants agreed to be bound by the estoppel provisions for the IPR). Without a stay, the parties would litigate the same prior art invalidity theories currently pending before the PTAB, eliminating the efficiencies the IPR procedure was designed to create, and raising the possibility of inconsistent rulings.

For the foregoing reasons, the "simplification" factor strongly favors a stay.

### 2. This Action is Still in Its Early Stages

The Federal Circuit has held that the stage-of-the-case factor is assessed at the time the motion to stay is filed, not when the motion is decided. "As for the proper time to measure the stage of the litigation, district courts have adopted the date of the filing of the motion to stay." *VirtualAgility Inc. v. Salesforce.com*, 759 F.3d 1307, 1316 (Fed. Cir. 2014); *Uniloc United States v. Avaya Inc.*, No. 15-01168-JRG, 2017 U.S. Dist. LEXIS 168855, at *8 (E.D. Tex. Apr. 19, 2017) ("When considering a motion to stay, courts have adopted the filing date of the motion as the proper time to measure the stage of litigation.").

Granting a stay relatively early in a case advances judicial efficiency and maximizes the likelihood that neither the Court nor the parties waste their resources addressing invalid claims. *454 Life Scis. Corp.*, 2016 U.S. Dist. LEXIS 153978, at *10-11. However, "[a] case need not be in its infancy to warrant a stay." *Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762, 770 (E.D. Pa. 2014) (citing numerous cases and noting that although "the parties have already conducted a significant amount of discovery", this factor weighs in favor of a stay "if there remains a significant amount of work ahead for the parties and the court even when the parties and/or the court have already devoted substantial resources to the litigation"). "[C]ourts have granted stays even where discovery has been completed and even when a trial date has been scheduled or is forthcoming." *Gonnocci v. Three M Tool & Mach., Inc.*, No. 02-74796, 2003 U.S. Dist. LEXIS 24423, at *7, 12 (E.D. Mich. Oct. 7, 2003) (granting stay pending reexamination even though the parties had already completed a substantial amount of discovery, and submitted witness lists and summary judgment motions, because "far more time and resources remain to be spent before this matter is concluded."); *see also SoftView*, 2013 U.S. Dist. LEXIS 125900, at *10-11 (granting stay in light of pending IPRs and noting that while "fact discovery is complete, as is the Markman process" it was nevertheless appropriate to grant

9

a stay pending the outcome of the IPRs "before launching the parties into the expense of expert discovery").

Here, fact discovery will not close until December 13, 2019, expert discovery on issues of invalidity and noninfringement has not yet begun, and neither party has taken—or even scheduled—a single deposition outside of claim construction. (D.I. 26 at ¶¶ 3(c), 10). The requested stay would thus save the parties from devoting substantial time and resources litigating asserted patent claims that may be invalidated by the PTAB. *See* H.R. Rep. No. 112-98, pt. 1, at 48 (2011) (stating the purpose of IPRs is to "provid[e] quick and cost effective alternatives to litigation"). A stay would also ensure the Court does not unnecessarily spend its time considering pre-trial motions and submissions that concern issues that may be mooted by the IPRs. Moreover, Huvepharma has informed DuPont that it will seek leave to file a Second Amended Complaint that includes new accused products and U.S. Patent No. 8,993,300 (which is also subject to an IPR proceeding (*see* Ex. D at 1)); a stay would thus save the parties and the Court from unnecessarily expending resources addressing such a request. Finally, the February 8, 2021 trial date, which is eighteen months from now, weighs in favor of a stay. *See Bio-Rad Laboratories, Inc. v. Thermo Fisher Scientific, Inc.*, No. 16-358-RGA, D.I. 54, at 36 (D. Del. April 27, 2017) (granting stay and explaining that the second factor "is really designed to get at when the trial date is . . . two months, three months, four months from now and not a year-and-a-half"). (Ex. F).

Given that this action is still in its early stages, a stay pending resolution of the IPRs will save significant Court and party resources.

### 3. The Requested Stay Will Not Unduly Prejudice Plaintiff

"In assessing a request for a stay pending IPR, mere delay does not rise to the level of undue prejudice." *ACQIS, LLC v. EMC Corp.*, 109 F. Supp. 3d 352, 358 (D. Mass. 2015);

*BodyMedia, Inc. v. Basis Sci., Inc.*, No. 12-cv-133-GMS, 2013 U.S. Dist. LEXIS 82830, at *3 n.1 (D. Del. June 6, 2013) ("[I]t is well-established that the potential for litigation delay, by itself, is insufficient to demonstrate that [a patentee] will be unacceptably prejudiced and is, therefore, not dispositive in the analysis."). The court, in assessing undue prejudice to the non-movant, may consider: (1) the timing of the IPR request; (2) the timing of the request for a stay; (3) the status of the IPR proceeding; and (4) the relationship of the parties. *454 Life Scis.*, 2016 U.S. Dist. LEXIS 153978, at *11. These undue prejudice factors weigh in favor of a stay, particularly as the patents-in-suit expired over a year ago—limiting Huvepharma's potential recovery to money damages that can be adjusted to account for delay—and because Huvepharma itself waited more than five years before seeking to recover for any alleged harm.

          a.       **The Filing of the IPR Petitions Months Before the Deadline Weighs in Favor of a Stay**

Huvepharma filed an initial complaint against DuPont on June 20, 2018, an amended complaint on October 10, 2018, and initial infringement contentions on January 11, 2019. ABF filed the IPRs of interest here on January 23, 2019.[4] Thus, the IPRs were filed about three months after Huvepharma's amended complaint, and only two weeks after Huvepharma's initial infringement contentions. Moreover, ABF filed the IPRs over *five months* before the deadline for DuPont to have filed its own IPRs, which was June 28, 2019 (one year after Huvepharma's initial complaint was served (D.I. 4-7)). *See* 35 U.S.C. § 315(b). Thus, the IPR petitions were

---

[4] As discussed above, ABF filed the IPRs. Courts, including those in the District of Delaware, have routinely granted stays requested by movants that are not parties to the IPR proceedings in question. *See, e.g.*, *CallWave Commc'ns*, 2015 U.S. Dist. LEXIS 33153, at *4-5; *Parallel Networks LLC v. KOG Games Inc.*, No. 13-178-RGA, D.I. 39, at *62-63 (D. Del. Feb. 10, 2014) (granting stay in light of pending IPRs, where movants that were not parties to the IPRs agreed to be estopped from arguing prior art raised during the IPR) (Ex. G); *SoftView*, 2013 U.S. Dist. LEXIS 125900, at *9; *Semiconductor Energy Lab. Co.*, 2012 U.S. Dist. LEXIS 186322, at *6-7.

timely. *See, e.g., Ethicon LLC v. Intuitive Surgical, Inc.*, No. 17-871-LPS, 2019 U.S. Dist. LEXIS 45452, at *8 (D. Del. Mar. 20, 2019) (granting defendants' motion to stay in light of pending IPRs despite plaintiff's argument that it was prejudiced because the IPR petitions were filed eleven months after the complaint, and noting defendants' counterargument that plaintiff had not filed suit until 4 years after the accused products came on the market); *ACQIS, LLC v. EMC Corp.*, 109 F. Supp. 3d 352, 359 (D. Mass. 2015) (finding that IPRs were timely filed within four months of infringement contentions); *454 Life Scis.*, 2016 U.S. Dist. LEXIS 153978, at *12 (concluding that IPR petitions filed "well within the one-year statutory window" did not result in prejudice to the plaintiff).

### b.     The Early Timing of DuPont's Motion Weighs in Favor of a Stay

DuPont's motion is also timely. "[T]he ideal time" to file a motion to stay is "shortly after the PTAB issue[s] its decisions to proceed with a validity trial on all of the Asserted Claims." *454 Life Scis. Corp.*, 2016 U.S. Dist. LEXIS 153978, at *12. Here, DuPont contacted Huvepharma on August 2nd—just days after the PTAB instituted the IPRs—to discuss whether Huvepharma would oppose a stay and to schedule a meet and confer. The parties held the meet and confer on August 6th, at which time Huvepharma indicated it would likely oppose DuPont's motion. Late on August 7th, Huvepharma definitively informed DuPont it would oppose a stay. On August 9th, and again on August 12th and 13th, DuPont sought to obtain Huvepharma's cooperation in contacting the Court to discuss whether the Court wished to handle the motion in an expedited fashion, as it had done in the ABF case. Although Huvepharma indicated it would attend a call on August 13th, it failed to respond to emails attempting to schedule a time. Then, late that same day, Huvepharma called to say, in light of the Court's order granting ABF's motion to stay, it was reconsidering its position regarding DuPont's motion to stay. However,

any reconsideration would come with conditions—conditions DuPont would not accept. Therefore, on August 13th, nineteen days after the IPRs were instituted, DuPont filed this motion to stay. The early timing of DuPont's motion for a stay increases the likelihood that the Court and the parties will avoid wasting time and resources litigating patent claims that may be cancelled.

### c. The Status of the IPR Proceedings Favors a Stay

The PTAB scheduled final oral arguments in the IPRs for April 23, 2020. (Ex. D). As a result, the IPRs are already about eight months away from the final party submissions prior to a PTAB decision. In addition to setting a fast schedule to the final oral arguments, the PTAB has already performed a thorough analysis of the parties' disputes. (Exs. A, B, and C). The petitioners submitted detailed petitions to institute the IPRs, and the patent owner responded with detailed oppositions. The PTAB's IPR institution decisions reflect a careful analysis of petitioners' and patent owner's positions. There will be more evidence submitted as the IPRs progress, but the institution decisions show that the PTAB has already spent significant time considering the asserted prior art references and Huvepharma's arguments in opposition. (*Id*.).

### d. The Relationship of the Parties Does Not Weigh Against a Stay

While the parties are competitors, this is not a case where a competitor will be irreparably harmed by delay. This Court's decision in *Bio-Rad Laboratories, Inc. v. Thermo Fisher Scientific, Inc.*, No. 16-358-RGA, D.I. 54 (D. Del. April 27, 2017) (Ex. F) is instructive. There, this Court granted a stay in a case involving direct competitors. This Court recognized that in typical competitor cases, the plaintiff's main goal "is to drive the defendant's products out of the market." *Id*. at 37. Thus, since the *Bio-Rad* plaintiff had been willing to license the patent-in-suit, this Court concluded that damages would be sufficient "to compensate [plaintiff], to make them whole for whatever infringement the defendant has done." *Id*. Here, as in *Bio-Rad Laboratories*,

Huvepharma cannot drive any products out of the market because the patents-in-suit have expired. And like in *Bio-Rad Laboratories*, Huvepharma can be adequately compensated by damages. Thus, the relationship of the parties does not weigh against a stay. *See also Audio MPEG, Inc. v. Hewlett-Packard Com.*, No. 15-73, 2015 U.S. Dist. LEXIS 126014, at *13 (E.D. Va. Sep. 15, 2015) (granting a stay where the patents had expired and concluding that a stay "will not unduly prejudice plaintiffs, who waited years before filing suit and who can be fully compensated with monetary damages"); *Parallel Networks LLC v. KOG Games Inc.*, No. 13-178-RGA, D.I. 39, at *66 (D. Del. Feb. 10, 2014) (granting stay in light of pending IPRs, finding no undue prejudice to "a plaintiff whose main remedy according to the case is the possibility of . . . essentially, royalty damages where they are not seeking an injunction") (Ex. G). And to the extent that Huvepharma argues otherwise, its argument is belied by the fact that it waited six years before filing suit days before the patents expired.

Given that all four sub-factors weigh in favor of a stay, the overall "undue prejudice" factor strongly favors a stay.

## V.     CONCLUSION

Each of the relevant factors weighs in favor of the requested stay, and DuPont respectfully requests that the Court grant its motion to stay this case until final resolution of the IPRs.

|  | BALLARD SPAHR LLP |
|---|---|
| OF COUNSEL: | */s/ Beth Moskow-Schnoll* |
|  | Beth Moskow-Schnoll (Del. No. 2900) |
| Robert R. Baron, Jr., Esquire | Brittany M. Giusini (Del. No. 6034) |
| Marc S. Segal, Esquire | Brian S.S. Auerbach (Del. No. 6532) |
| Ballard Spahr LLP | 919 N. Market Street, 11th Floor |
| 1735 Market Street, 51st Floor | Wilmington, DE 19801 |
| Philadelphia, PA 19103 | Telephone: (302) 252-4465 |
| (215) 665-8500 | moskowb@ballardspahr.com |
| baron@ballardspahr.com | giusinib@ballardspahr.com |
| segalm@ballardspahr.com | auerbachb@ballardspahr.com |

*Attorneys for Defendants*

Alan White, Esquire
999 Peachtree Street, Suite 1000
Atlanta, GA 30309
(678) 420-9300
whiteda@ballardspahr.com

August 13, 2019