```
 1                  IN THE UNITED STATES DISTRICT COURT

 2                     FOR THE DISTRICT OF DELAWARE

 3

 4     HUVEPHARMA FOOD and            )
       HUVEPHARMA, INC.,              )
 5                                    )
              Plaintiffs/Counterclaim,)
 6            Defendants              ) C.A. No. 18-914-RGA
                                      )
 7     v.                             )
                                      )
 8     E.I. DU PONT DE NEMOURS AND    )
       COMPANY, DUPONT INDUSTRIAL     )
 9     BIOSCIENCES USA, LLC, DANISCO  )
       USA, INC. and DANISCO US, INC.,)
10                                    )
              Defendants/Counterclaim )
11            Plaintiffs.             )

12                                       J. Caleb Boggs Courthouse
                                         844 North King Street
13                                       Wilmington, Delaware

14                                       Wednesday, August 21, 2019
                                         2:00 p.m.
15                                       Oral Argument

16     BEFORE:   THE HONORABLE RICHARD G. ANDREWS, U.S.D.C.J.

17     APPEARANCES:

18               BAYARD, P.A.
                 BY:  STEPHEN B. BRAUERMAN, ESQUIRE
19
                         -and-
20
                 BAKER BOTTS LLP
21               BY:  JENNIFER C. TEMPESTA, ESQUIRE
                 BY:  RYAN DOWELL, ESQUIRE
22
                         -and-
23
                 KENEALY VAIDYA LLP
24               BY:  KENNETH SHEETS, ESQUIRE

25                                       For the Plaintiffs/
                                         Counterclaim Defendants
```

```
 1   APPEARANCES CONTINUED:

 2
                 BALLARD SPAHR LLP
 3               BY:  BETH MOSKOW-SCHNOLL, ESQUIRE
                 BY:  ROBERT R. BARON, JR., ESQUIRE
 4
                         -and-
 5
                 E.I. DU PONT DE NEMOURS AND COMPANY
 6               BY:  EVAN KRICK, ESQUIRE

 7                                    For the Defendants/
                                      Counterclaim Plaintiffs
 8

 9                     ***   PROCEEDINGS   ***

10               THE CLERK:  All rise.

11               THE COURT:  All right.  Good afternoon.  Please

12   be seated.  This is the argument on the motion to stay

13   pending IPR by the defendant, DuPont.

14               Mr. Brauerman, good afternoon.

15               MR. BRAUERMAN:  Good afternoon, Your Honor.

16   Steve Brauerman from Bayard.  I'm joined at counsel table by

17   Jennifer Tempesta, Ryan Dowell from Baker Botts, and Ken

18   Sheets from Kenealy Vaidya.

19               And with Your Honor's permission, Ms. Tempesta

20   will address the Court today.

21               THE COURT:  Okay.

22               MR. BRAUERMAN:  Thank you.

23               THE COURT:  Ms. Moskow-Schnoll.

24               MS. MOSKOW-SCHNOLL:  Beth Moskow-Schnoll on

25   behalf of DuPont, and with me is my partner, Rob Baron, and
```

```
02:02:49   1    Evan Krick from DuPont.
02:02:51   2               THE COURT:  Okay.
02:02:52   3               MS. MOSKOW-SCHNOLL:  Thank you.
02:02:52   4               THE COURT:  I'm sorry.  Did you say Mr. Krick
02:02:55   5    now works at DuPont?
02:02:57   6               MS. MOSKOW-SCHNOLL:  Yes.  He's no longer at
02:02:59   7    Ballard, unfortunately for us.
02:03:01   8               THE COURT:  Okay.  All right.
02:03:02   9               So Ms. Tempesta, as far as I can tell, you
02:03:11  10    recognize that I'm actually going to grant this motion.  And
02:03:16  11    I guess before I do that, I am correct, Mr. Baron, that
02:03:24  12    DuPont agrees that for the patents that are subject to the
02:03:30  13    IPR which are asserted against it in the case as it stands,
02:03:35  14    you agree to be bound by the results just as if you were the
02:03:40  15    IPR proponent or petitioner; is that correct?
02:03:48  16               MR. BARON:  It is, Your Honor.
02:03:49  17               THE COURT:  Okay.  So Ms. Tempesta, as I
02:03:54  18    understand it, you have some other requests you'd like to
02:03:59  19    make?
02:03:59  20               MS. TEMPESTA:  That's correct, Your Honor.  So
02:04:01  21    there are just two issues here that distinguish this case
02:04:03  22    from the related ABF case, and we wanted to bring those to
02:04:07  23    Your Honor's attention and see if we could hopefully resolve
02:04:10  24    those before the stay goes into effect or in conjunction
02:04:13  25    with the stay being entered.
```

```
02:04:13  1                THE COURT:  Okay.
02:04:14  2                MS. TEMPESTA:  So the first one is for the '300
02:04:16  3   patent, this is a patent that we're seeking to add to this
02:04:19  4   case.
02:04:19  5                THE COURT:  And when you say "seeking to add,"
02:04:21  6   you haven't actually filed a motion to amend, have you?
02:04:24  7                MS. TEMPESTA:  We have not, Your Honor.  We
02:04:25  8   thought that it would be best to address that here today
02:04:27  9   with you, our intent to do that, rather than just papering
02:04:30 10   the Court with more information.
02:04:31 11                We did attach a draft of our memorandum in
02:04:34 12   support of the motion to amend and our draft amended
02:04:37 13   complaint to our response to DuPont's motion to stay just to
02:04:42 14   kind of preview for Your Honor exactly what we'd like to do
02:04:46 15   there.
02:04:46 16                THE COURT:  And is that particular patent also
02:04:47 17   the subject of the IPR that British Foods has brought?
02:04:52 18                MS. TEMPESTA:  Yes, Your Honor.  And so one
02:04:53 19   reason why we really feel the need to add the '300 patent
02:04:57 20   now is because it's not at issue in this case yet, so there
02:04:59 21   is no one-year bar or one-year time clock for DuPont to file
02:05:04 22   a petition for IPR.  If we don't add it to the case now, the
02:05:08 23   one-year clock will not start to tick for DuPont to file an
02:05:12 24   IPR as against that patent until the stay is lifted in that
02:05:15 25   case, and that just simply would be unduly prejudicial to
```

| | | |
|---|---|---|
| 02:05:19 | 1 | Huvepharma. |
| 02:05:19 | 2 | So what we'd like to do, Your Honor, is with |
| 02:05:21 | 3 | your permission move for leave to amend to add that patent |
| 02:05:25 | 4 | and some additional accused products to the complaint and |
| 02:05:29 | 5 | have that done before the stay goes into effect.  That way |
| 02:05:32 | 6 | the -- |
| 02:05:32 | 7 | THE COURT:  Okay. |
| 02:05:33 | 8 | MS. TEMPESTA:  Yes. |
| 02:05:33 | 9 | THE COURT:  I think I understand what you're |
| 02:05:35 | 10 | saying. |
| 02:05:35 | 11 | And Mr. Baron, what's your view on that? |
| 02:05:40 | 12 | MS. MOSKOW-SCHNOLL:  Actually I was going to |
| 02:05:42 | 13 | argue that, Your Honor. |
| 02:05:43 | 14 | THE COURT:  Well, that's fine. |
| 02:05:44 | 15 | MS. MOSKOW-SCHNOLL:  Your Honor, our argument is |
| 02:05:46 | 16 | that, first of all, they only raised the issue about wanting |
| 02:05:49 | 17 | to amend after we told them we were going to move to stay. |
| 02:05:52 | 18 | They brought it up right after we brought up the fact that |
| 02:05:54 | 19 | we wanted to stay.  And this is not a part of the case, and |
| 02:05:59 | 20 | it shouldn't be a part of the case. |
| 02:06:01 | 21 | From the very start when they amended their |
| 02:06:03 | 22 | complaint and they added OPTIMASH, we told them |
| 02:06:06 | 23 | unequivocally that that does not apply, that DuPont's |
| 02:06:11 | 24 | products that are already in the case, they -- OPTIMASH is |
| 02:06:16 | 25 | different, and the patents that they have do not apply to |

| | |
|---|---|
| 02:06:20 1 | OPTIMASH.  It's an issue of E coli versus Buttiauxella. |
| 02:06:24 2 | It's two different products completely. |
| 02:06:26 3 | THE COURT:  Well, so you've been telling them |
| 02:06:28 4 | that, but presumably they don't agree.  I'm not going to |
| 02:06:31 5 | resolve it today. |
| 02:06:33 6 | MS. MOSKOW-SCHNOLL:  Right.  Well, my argument |
| 02:06:34 7 | to that is we will vehemently fight them amending.  And if |
| 02:06:38 8 | the case is going to be stayed, why should the parties have |
| 02:06:41 9 | to go to all the effort of fighting the motion to amend when |
| 02:06:46 10 | that can all be done after the stay is over? |
| 02:06:48 11 | THE COURT:  Well, so I think, if I'm |
| 02:06:51 12 | understanding Ms. Tempesta correctly, she'd like to avoid |
| 02:06:55 13 | getting more delay when the case is -- well, so right now, |
| 02:07:04 14 | do you agree British Foods is going to argue the validity of |
| 02:07:10 15 | the '333 patent?  But I take it you don't want to be bound |
| 02:07:19 16 | by the results of that. |
| 02:07:21 17 | MS. MOSKOW-SCHNOLL:  No, and part of that, Your |
| 02:07:22 18 | Honor, is because we haven't had the opportunity to analyze |
| 02:07:25 19 | what they did in that case because it wasn't part -- '300 |
| 02:07:28 20 | wasn't part of our case. |
| 02:07:29 21 | THE COURT:  Okay.  That's a good point. |
| 02:07:35 22 | So if I just denied their motion, there would be |
| 02:07:43 23 | nothing to prevent them from just filing a case tomorrow |
| 02:07:47 24 | accusing whatever they wanted to accuse of violating this |
| 02:07:50 25 | particular patent, and then they'd start the clock running; |

```
02:07:52  1    right?
02:07:53  2              MS. MOSKOW-SCHNOLL:  That's true.
02:07:53  3              THE COURT:  And I take it if they want to do
02:07:56  4    that, you're reserving all your legal rights, but you agree
02:07:59  5    it's not contentious, or bad faith, or anything else; right?
02:08:04  6              MS. MOSKOW-SCHNOLL:  They have the right to do
02:08:05  7    that, Your Honor.  Our argument is that they could have done
02:08:07  8    that at any time.  When they added OPTIMASH, we don't
02:08:10  9    understand why they just didn't add the '300 except that
02:08:13 10    they agreed that it was futile.
02:08:15 11              THE COURT:  Okay.  And so probably they want to
02:08:20 12    go ahead and do this because -- or is the '333 patent
02:08:23 13    expired?
02:08:24 14              MS. MOSKOW-SCHNOLL:  It's expired as well, Your
02:08:26 15    Honor.
02:08:26 16              THE COURT:  So presumably they want to do that.
02:08:32 17    This OPTIMASH that you're talking about, when did that get
02:08:34 18    introduced?
02:08:35 19              MS. MOSKOW-SCHNOLL:  That was the first amended
02:08:36 20    complaint which was October.
02:08:37 21              THE COURT:  No.  I'm sorry.  I mean, when did it
02:08:39 22    start being sold by you?
02:08:41 23              MS. MOSKOW-SCHNOLL:  OPTIMASH?  Your Honor, I'm
02:08:43 24    not sure.  Yeah, Your Honor, I don't know.
02:08:46 25              THE COURT:  Well, I'm just wondering if there's
```

02:08:48  1  a statute of limitations issue about it or --
02:08:52  2             MS. MOSKOW-SCHNOLL: I don't know the date. I'm
02:08:53  3  sorry.
02:08:53  4             THE COURT: All right. Okay. I think I
02:08:57  5  understand that. Thank you, Ms. Moskow-Schnoll.
02:09:02  6             Ms. Tempesta.
02:09:02  7             MS. TEMPESTA: Yes, Your Honor. Just to address
02:09:04  8  briefly a couple of points that were raised, we completely
02:09:07  9  agree with Your Honor that one option for us would be to
02:09:10 10  file another case. We could do that tomorrow. We could do
02:09:12 11  it next week. No matter what, we want to start the ticking
02:09:15 12  of that one-clock year for DuPont to be able to file an IPR
02:09:19 13  against --
02:09:19 14             THE COURT: Well, so don't you think that they
02:09:21 15  actually have a point in terms of having them be bound by
02:09:25 16  something that British Foods has done when it hasn't been in
02:09:31 17  the case against them, so they haven't had a chance to make
02:09:35 18  a reasonable judgment as to whether or not that's a
02:09:40 19  worthwhile exercise for them?
02:09:42 20             MS. TEMPESTA: Well, Your Honor, it's a related
02:09:43 21  patent. It's in the same family as the others. The main
02:09:46 22  difference --
02:09:46 23             THE COURT: But it's good enough so you think
02:09:48 24  you need to sue on it, so presumably they need to think
02:09:50 25  about a defense to it; right?

```
02:09:52   1                    MS. TEMPESTA:  Exactly.  So the host involved is
02:09:54   2   different.  It's fungus versus yeast, and we don't think it
02:09:57   3   would present different claim construction issues.  We think
02:10:00   4   discovery would essentially be the same.  They'll be filing
02:10:03   5   a different case law here that will just be inefficient.
02:10:06   6   So --
02:10:07   7                    THE COURT:  Well, I think I know what I think
02:10:11   8   about this.  What's the other thing that you wanted to
02:10:13   9   raise?
02:10:13  10                    MS. TEMPESTA:  Sure.  So the other issue is with
02:10:15  11   respect to discovery.  The deadline for substantial
02:10:18  12   completion of document production is currently set for
02:10:21  13   August 30th.  It was previously set at July 12th.  We agreed
02:10:24  14   to a seven-week extension in good faith at DuPont's request.
02:10:28  15   We did not need or want the extension.  To date, they have
02:10:31  16   not produced any ESI whatsoever.
02:10:34  17                    They also have refused to produce any discovery
02:10:36  18   on the OPTIMASH product because in their view it does not
02:10:40  19   infringe.  We don't think that's a basis to refuse
02:10:43  20   discovery.
02:10:43  21                    THE COURT:  Well, certainly if it is an accused
02:10:46  22   product, that's not a very good defense.  All right.  But --
02:10:53  23                    MS. TEMPESTA:  But we just think in view of the
02:10:55  24   short amount of time that's left, it's simply unfair that
02:10:58  25   they sat on their heels for months and months without
```

```
02:11:00  1    producing anything, and now they get to say, ah-hah, got
02:11:03  2    you.  We're staying the case.  We've --
02:11:05  3                THE COURT:  But they're staying the case, as I
02:11:07  4    said in the order on the other one, one possibility is the
02:11:11  5    case will go away.  I mean, no one knows what percentage
02:11:14  6    chance that is, but as long as that's the case, part of the
02:11:19  7    theory of the stay is that look for the cheapest way to
02:11:24  8    resolve this case.  It may not be attributing to Congress
02:11:29  9    exactly what their motivation was or their intent, but why
02:11:38 10    should I be ordering discovery.  And for all I know,
02:11:43 11    DuPont's not actually going to be ready to do this in nine
02:11:46 12    days, and then am I going to have a discovery dispute about
02:11:50 13    it?
02:11:50 14                MS. TEMPESTA:  So Your Honor, in our view, you
02:11:52 15    know, they should be ready at this point.  In the event that
02:11:55 16    Your Honor disagrees that providing this discovery at this
02:11:58 17    juncture makes sense, we have come up with a compromise
02:12:01 18    proposal, although our number one choice would first be to
02:12:05 19    complete the discovery now.
02:12:06 20                We understand that DuPont has offered to delete
02:12:08 21    the production that we've made thus far so that they can't
02:12:12 22    review them during the stay, but we'd also ask for one other
02:12:15 23    thing which is adding to their litigation hold, OPTIMASH, if
02:12:19 24    it's not already a part of it, and also adding the other
02:12:21 25    accused products that we've identified in our proposed
```

02:12:25 1 amended complaint so that we know that during the interim
02:12:28 2 period, documents and information are not being destroyed
02:12:34 3 by --
02:12:35 4       THE COURT: So the Proposed Amendment Complaint
02:12:38 5 and the additional products, that's all in relation to this
02:12:41 6 '333 patent; right?
02:12:42 7       MS. TEMPESTA: So the '300 patent, it is in
02:12:45 8 relation to them, but we're also suggesting or proposing
02:12:48 9 adding it for the existing patents that are in the case.
02:12:51 10 The reason that is is because we performed some testing over
02:12:54 11 the past few months --
02:12:55 12       THE COURT: No, I'm sorry. But in terms of the
02:13:01 13 litigation hold, it's because you're adding --
02:13:05 14       MS. TEMPESTA: Our accused products.
02:13:07 15       THE COURT: -- new products, accused products
02:13:10 16 because of the new patent as opposed to because you're
02:13:12 17 expanding what's accused by the old patents?
02:13:17 18       MS. TEMPESTA: Because of the new patent and
02:13:19 19 because of some testing that we did with respect to the old
02:13:23 20 patents.
02:13:25 21       THE COURT: Okay. So thank you, Ms. Tempesta.
02:13:27 22 So look, here's what I'm going to do is I'm not
02:13:40 23 going to permit at this time amendment of the complaint in
02:13:47 24 this case. I think it would be perfectly fine if Huvepharma
02:13:58 25 files another case against DuPont tomorrow naming whatever

```
02:14:03  1    defendants, or you know, accused products it wants to name.
02:14:08  2    And I'm sure that DuPont will do whatever one is supposed to
02:14:14  3    do about litigation holds.  So that's what I think about
02:14:20  4    that.
02:14:21  5              And I'm basically going to cut off discovery as
02:14:25  6    of today.  I mean, DuPont should know this beyond notice
02:14:30  7    that if the case picks up again, they should act as if the
02:14:36  8    deadline for substantial document production is nine days
02:14:39  9    after whenever that date is.  I guess it would be nine days
02:14:47 10    from whenever I reopen the case or lift the stay.
02:15:01 11              Sorry.  I think there was one other thing.  What
02:15:03 12    is the thing I'm forgetting?
02:15:06 13              MS. MOSKOW-SCHNOLL:  Your Honor, estoppel as to
02:15:09 14    the patents-in-suit, but we've agreed to that.
02:15:11 15              THE COURT:  Well, no, I'm not worried about that
02:15:12 16    because you've agreed to that.  I thought there was
02:15:14 17    something else related to the -- oh, so I'm not going to
02:15:19 18    make DuPont destroy the discovery it's already gotten.  That
02:15:22 19    doesn't make any sense to me.
02:15:25 20              So basically then for the reasons that I stated
02:15:30 21    in the Huvepharma versus British Foods case, because I think
02:15:35 22    the analysis is exactly the same, I'm going to grant the
02:15:39 23    stay.  And basically to the extent I added anything else
02:15:46 24    into that order, and I don't remember now whether I did or I
02:15:49 25    didn't, treat it identically.
```

02:15:53  1                     And so if you file a suit tomorrow,
02:15:58  2     Ms. Tempesta, which would be fine by me, you'll start the
02:16:00  3     clock running which is at least one of the things that
02:16:06  4     you're trying to accomplish.  And if, once you've started
02:16:10  5     the clock running, you know, I would say that DuPont would
02:16:18  6     be well advised to think fairly promptly as to whether or
02:16:22  7     not they want a stay in that case based on the same kinds of
02:16:27  8     conditions as in this case.
02:16:28  9                     So that if that's the way we're headed, we head
02:16:36 10     that way without a whole lot of extra expense.  And if
02:16:40 11     that's not the way we're headed, that's fine, too.
02:16:46 12                     So is there anything else left to address?
02:16:47 13                     MS. TEMPESTA:  No.  Thank you, Your Honor.
02:16:48 14                     THE COURT:  Thank you, Ms. Tempesta.
02:16:50 15                     Anything left from DuPont?
02:16:51 16                     MS. MOSKOW-SCHNOLL:  No.  Thank you, Your Honor.
02:16:53 17                     THE COURT:  Thank you, Ms. Moskow-Schnoll.
02:16:56 18                     All right.  Well, we'll be in recess.  Thank you
02:16:58 19     very much.
02:16:59 20                     THE CLERK:  All rise.
         21                     (Court was recessed at 2:16 p.m.)
         22                     I hereby certify the foregoing is a true and
         23     accurate transcript from my stenographic notes in the
         24     proceeding.       /s/ Heather M. Triozzi
                                   Certified Merit and Real-Time Reporter
         25                        U.S. District Court